**E-FILED**
Friday, 20 March, 2015  01:02:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| ENVIROX, L.L.C., | |
| Plaintiff, | |
| | Case No: |
| v. | |
| WAYNE CONCEPT MANUFACTURING CO., INC., and GREENWOOD CLEANING SYSTEMS, INC., | United States District Judge |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ENVIROX, L.L.C., ("ENVIROX"), by and through its undersigned counsel, for its Complaint against Defendants, WAYNE CONCEPT MANUFACTURING CO., INC., ("WAYNE CONCEPT") and GREENWOOD CLEANING SYSTEMS, INC., ("GREENWOOD") collectively ("DEFENDANTS") states the following. Allegations made on information and belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE CASE

1.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §1, *et seq*. ("Federal Patent Act").

2.      This is also an action for trademark infringement under the Trademark Laws of the United States, 15 U.S.C. §1051, *et seq*. ("The Lanham Act").

3.      This is further an action in law and equity for false advertising, and false

designations of origin and false and misleading descriptions and representations under §43(a) of the Lanham Act.

4.      This is also an action for deceptive trade practice in violation of the Illinois Uniform Deceptive Trade Practices Act.

5.      DEFENDANTS, in an improper attempt to unlawfully profit from the innovation and long-term success of ENVIROX's cleaning products, falsely advertise, distribute, and sell a plurality of knockoff cleaning products in direct violation of The Federal Patent Act, The Lanham Act, and Illinois Law.

6.      ENVIROX seeks injunctive and monetary relief to the fullest extent possible under The Federal Patent Act, The Lanham Act, and Illinois Law, as well as any such other relief as the equities of the case may require and as this Court may deem just and proper.

## PARTIES

7.      ENVIROX, L.L.C. is an Illinois corporation having a place of business at 1938 East Fairchild Street, Danville, Illinois 61832.

8.      Upon information and belief WAYNE CONCEPT MANUFACTURING CO., INC. is a corporation organized under the laws of Indiana, having a principal place of business at 5005 Speedway Drive, Fort Wayne, Indiana 46825.

9.      Upon information and belief GREENWOOD CLEANING SYSTEMS, INC. is a corporation organized under the laws of Iowa, having a principal place of business at 5880 Tremont Avenue, Davenport, Iowa 52807.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over the subject matter by virtue of at least one of 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a), and 1338(b).

11.     This Court has supplemental jurisdiction over any state law and common law claims under 28 U.S.C. §1367(a).

12.     This Court has personal jurisdiction over WAYNE CONCEPT MANUFACTURING CO., INC. and venue is proper in this judicial district pursuant to at least one of 28 U.S.C. §§1391(b)(2), 1391(b)(3), 1391(c), 1400(a), and 1400(b). On information and belief WAYNE CONCEPT MANUFACTURING CO., INC. is actively doing business in this judicial district, and/or has committed certain acts of patent infringement and trademark infringement, false advertising and/or false designations of origin and false descriptions under the Federal Patent Act and the Lanham Act, respectively, in this judicial district. On information and belief WAYNE CONCEPT MANUFACTURING CO., INC., either directly, or through distributors, makes, distributes, falsely advertises, offers for sale, and/or sells a plurality of infringing products (*e.g.*, Peroxi-Det, Orange-Ox, etcetera) in the State of Illinois. WAYNE CONCEPT MANUFACTURING CO., INC. is subject to the personal jurisdiction of this Court and is amenable to service of process pursuant to the Illinois long-arm statute and Fed. R. Civ. P. 4(e). Requiring WAYNE CONCEPT MANUFACTURING CO., INC. to respond to this action will not violate due process.

13.     This Court has personal jurisdiction over GREENWOOD CLEANING SYSTEMS, INC. and venue is proper in this judicial district pursuant to at least one of 28 U.S.C. §§1391(b)(2), 1391(b)(3), and 1391(c), 1400(a), and 1400(b). On information and

belief, in cooperation with WAYNE CONCEPT MANUFACTURING CO., INC., GREENWOOD CLEANING SYSTEMS, INC. is actively doing business in this judicial district, and/or has committed certain acts of patent infringement and trademark infringement, false advertising and/or false designations of origin and false descriptions under the Federal Patent Act and the Lanham Act, respectively, in this judicial district. On information and belief GREENWOOD CLEANING SYSTEMS, INC., either directly, or through a sales representative, makes, distributes, falsely advertises, offers for sale, and/or sells a plurality of infringing products (*e.g.*, Peroxi-Det, Orange-Ox, etcetera) in the State of Illinois. GREENWOOD CLEANING SYSTEMS, INC. is subject to the personal jurisdiction of this Court and is amenable to service of process pursuant to the Illinois long-arm statute and Fed. R. Civ. P. 4(e). Requiring GREENWOOD CLEANING SYSTEMS, INC. to respond to this action will not violate due process.

## BACKGROUND

14.     ENVIROX is, among other things, a long-standing leader in the development, design, and manufacture of cleaning compositions and associated dispensers throughout the United States.

15.     By way of background, ENVIROX was started in 1995 as a research project with the primary objective of developing a cleaning technology that would reduce toxicity in a meaningful way. As a secondary objective, the company wanted to reduce the use of packaging materials, energy, and landfill space by performing all or most of the general janitorial cleaning tasks with one, concentrated product. ENVIROX also recognized that most people would not sacrifice cleaning power for a safer, more environmentally preferable product, and therefore the product needed to work as well as,

4

or better than, existing technologies. After extensive research, development, testing and formulating, ENVIROX discovered that oxygen was the answer, and hydrogen peroxide was the vehicle. ENVIROX effectively eliminated the need for traditional, higher toxicity ingredients such as acids, caustics, ammonia, bleach, phosphates, and quaternary ammonium compounds, which resulted in one, low toxicity product that performed all the general janitorial cleaning tasks using various dilution rates.

16.    In 1998 ENVIROX introduced its novel, innovative, patented, and EPA registered cleaning composition, $H_2Orange_2$, at the International Sanitary Supply Association (ISSA) show in Las Vegas. At that time, ENVIROX had about a dozen distributors, and no manufacturers' representatives.

17.    By the end of 2001, $H_2Orange_2$ had proven itself to 15 manufacturers' representative groups and 160 distributors all over the country. In the spring of 2003, $H_2Orange_2$ became the first hydrogen peroxide-based multi-purpose cleaner to obtain Green Seal certification.

18.    Today, ENVIROX has literally transformed the cleaning industry. ENVIROX's original goal of developing a safer cleaning product helped spur the entire industry to become safer and healthier. By December of 2004, there were six other companies with hydrogen peroxide-based cleaners on the market. Just one year later, there were 16 companies with hydrogen peroxide cleaners and a total of 65 companies with some type of Green Seal certified cleaners. The patented formulation of $H_2Orange_2$ has been imitated, but its effectiveness has not been replicated. It remains the environmentally preferred, EPA registered cleaner of choice for thousands of schools, sports arenas, healthcare facilities, office buildings, national landmarks and government

offices. It is the only environmentally preferred cleaner chosen by the City of Santa

Monica, and is on the preferred list for the state programs of Massachusetts and Vermont.

It is also a preferred product for the U.S. Department of the Interior. In addition to the

core product of $H_2Orange_2$, ENVIROX now offers nine other environmentally preferred

cleaning products for specialty cleaning needs.

19.    ENVIROX is a generally non-litigious company and it welcomes fair

competition.

20.    Recently WAYNE CONCEPT, entered into market competition with

ENVIROX. Under normal circumstances WAYNE CONCEPT's competitive entry into

the marketplace would not be problematic. In fact, ENVIROX believes that fair

competition is healthy for customers and it also enables ENVIROX to even better serve

its customers.

21.    While ENVIROX invites fair competition in the marketplace, WAYNE

CONCEPT, in an improper attempt to unlawfully profit from the innovation and goodwill

of ENVIROX, as well as impede the benevolent missions of ENVIROX, has begun an

unfairly competitive marketing campaign replete with reckless and/or intentionally false

advertisements and misrepresentations regarding the characteristics, ingredients, uses,

benefits, and/or quantities of their non-EPA registered, knock-off products. In particular,

WAYNE CONCEPT and its distributors are advertising that two of its non-EPA

registered products Orange-Ox and Peroxi-Det are the same products as ENVIROX's

EPA registered products $H_2Orange_2$ Concentrate 117 and Concentrate 118, respectively.

To be sure, the conduct of WAYNE CONCEPT and its distributors constitutes either

patent infringement in direct violation of The Federal Patent Act – if the products are the

same, or false advertising in direct violation of The Lanham act – if the products are different. In addition to harming ENVIROX, public safety, human health and the environment are now issues because consumers are duped into substituting EPA approved and registered products that have been <u>proven</u> to the satisfactory of the EPA to be used effectively for specific conditions of use without posing unreasonable risks to human health and the environment with, unproven, non-EPA registered products that, as it turns out, are highly acidic and environmentally hazardous. In a further attempt to deceive potential customers, WAYNE CONCEPT has also materially misrepresented, among other things, the effectives of its products, the formulation of its products, and the acidity of its products. By way of one example, third party testing has validated that one of WAYNE CONCEPT's unfairly competitive products, Peroxi-Det, is 200 times more acidic and environmentally hazardous than advertised in full concentration (*i.e.*, neat), 17,000 times more acidic and environmentally hazardous than advertised in heavy duty concentration (*i.e.*, 10 ounces of product per gallon of water), and 20 times more acidic and environmentally hazardous than advertised in light duty concentration (*i.e.*, 1 ounce of product per gallon of water). WAYNE CONCEPT's highly acidic and unsafe products have even ruined customers' floors – including an indoor golf establishment that now has permanently etched concrete floors. To be sure, such false advertising is no innocent mistake. Instead, these calculated advertisements are intended to dupe ENVIROX's customers into buying WAYNE CONCEPT's inferior, unsafe, and non-EPA registered products. Such gross, rouge, and wanton conduct by WAYNE CONCEPT has created confusion among consumers in the marketplace, not surprisingly, to the financial benefit of WAYNE CONCEPT and to the financial and goodwill detriment of ENVIROX. As

will be proven beyond a preponderance of the evidence, WAYNE CONCEPT's conduct is a direct violation of The Federal Patent Act, The Lanham Act, and Illinois' Uniform Deceptive Trade Practices Act – among others. WAYNE CONCEPT has even gone so far as to propagate patent infringement, trademark infringement, unfair competition and false advertising through distributors, including GREENWOOD CLEANING SYSTEMS, INC.

22.     ENVIROX now seeks the intervention of this Court, to restore fair competition in the marketplace.

## COUNT I – PATENT INFRINGEMENT OF U.S.
## PATENT NO. 6,316,399 BY WAYNE CONCEPT

23.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-22 of this Complaint as if fully set forth herein.

24.     Prior to December 27, 1995, Arman V. Melikyan and Patrick H. Stewart conceived of novel cleaning compositions for both industrial and household applications.

25.     Mr. Stewart formed a business around the manufacture and sale of the compositions. That business, operating under the name ENVIROX, sells the cleaning compositions for both industrial and household applications.

26.     On February 10, 1997, Mr. Melikyan and Mr. Stewart filed a patent application directed to the cleaning compositions.

27.     On November 13, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,316,399 ("the '399 patent"), entitled "Surfactants Based Aqueous Compositions with D-Limonene and Hydrogen Peroxide and Methods Using the Same." (Exhibit A).

28.     All rights in the '399 patent have been assigned to ENVIROX. ENVIROX is the sole owner of the '399 patent and has the right to enforce and recover damages for infringement of the '399 patent.

29.     WAYNE CONCEPT makes or has made, uses, offers to sell and/or sells Orange-Ox which infringes upon one or more claims of the '399 patent in this judicial district and elsewhere in the United States in violation of 35 U.S.C. §271.

30.     Upon information and belief WAYNE CONCEPT has actively induced and currently actively induces infringement of one or more claims of the '399 patent in this judicial district and elsewhere in the United States in violation of 35 U.S.C. §271.

31.     GREENWOOD, a distributor of WAYNE CONCEPT, offers to sell and sells Orange-Ox as the "same product" as ENVIROX's $H_2Orange_2$ Concentrate 117 which is covered by the '399 patent. (Exhibit B).

32.     Upon information and belief WAYNE CONCEPT directs and/or actively induces GREENWOOD to offer to sell and sell Orange-Ox as the "same product" as ENVIROX's $H_2Orange_2$ Concentrate 117.

33.     WAYNE CONCEPT has knowledge of ENVIROX's $H_2Orange_2$ Concentrate 117 cleaning composition, as well as the '399 patent pertaining to the same.

34.     Infringement of the '399 patent by WAYNE CONCEPT has caused, and will continue to cause ENVIROX to suffer damages, including, but not limited to, lost sales, lost profits, lost royalties and price erosion in an amount to be determined by the trier of fact.

35.     Unless restrained and enjoined by this Court, WAYNE CONCEPT will continue to infringe the '399 patent, resulting in substantial, continuing and irreparable

damages to ENVIROX.

36.    The actions of WAYNE CONCEPT are willful and "exceptional" within the meaning of 35 U.S.C. §285.

## COUNT II – PATENT INFRINGEMENT OF U.S.

## PATENT NO. 6,316,399 BY GREENWOOD

37.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-36 of this Complaint as if fully set forth herein.

38.    Prior to December 27, 1995, Arman V. Melikyan and Patrick H. Stewart conceived of novel cleaning compositions for both industrial and household applications.

39.    Mr. Stewart formed a business around the manufacture and sale of the compositions. That business, operating under the name ENVIROX, sells the cleaning compositions for both industrial and household applications.

40.    On February 10, 1997, Mr. Melikyan and Mr. Stewart filed a patent application directed to the cleaning compositions.

41.    On November 13, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,316,399 ("the '399 patent"), entitled "Surfactants Based Aqueous Compositions with D-Limonene and Hydrogen Peroxide and Methods Using the Same." (Exhibit A).

42.    All rights in the '399 patent have been assigned to ENVIROX. ENVIROX is the sole owner of the '399 patent and has the right to enforce and recover damages for infringement of the '399 patent.

43.    GREENWOOD makes or has made, uses, offers to sell and/or sells Orange-Ox which infringes upon one or more claims of the '399 patent in this judicial

district and elsewhere in the United States in violation of 35 U.S.C. §271.

44.     GREENWOOD offers to sell and sells Orange-Ox as the "same product" as ENVIROX's $H_2Orange_2$ Concentrate 117 which is covered by the '399 patent. (Exhibit B).

45.     GREENWOOD has knowledge of ENVIROX's $H_2Orange_2$ Concentrate 117 cleaning composition, as well as the '399 patent pertaining to the same.

46.     Infringement of the '399 patent by GREENWOOD has caused, and will continue to cause ENVIROX to suffer damages, including, but not limited to, lost sales, lost profits, lost royalties and price erosion in an amount to be determined by the trier of fact.

47.     Unless restrained and enjoined by this Court, GREENWOOD will continue to infringe the '399 patent, resulting in substantial, continuing and irreparable damages to ENVIROX.

48.     The actions of GREENWOOD are willful and "exceptional" within the meaning of 35 U.S.C. §285

## COUNT III – TRADEMARK INFRINGEMENT OF U.S. REGISTRATION NO. 3,217,359 BY WAYNE CONCEPT

49.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-48 of this Complaint as if fully set forth herein.

50.     ENVIROX, L.L.C. is the owner of United States Trademark Registration No. 3,217,359, registered March 13, 2007, for "ENVIROX" for use in association with all purpose cleaning preparations, stain removers, general purpose cleaners for removing petroleum based stains in Class 003, and for educational services, namely, providing

instruction to people in the application and use of environmentally friendly cleaning agents in Class 41. This registration is now valid, subsisting, uncancelled and unrevoked. (Exhibit C).

51.    United States Trademark Registration No. 3,217,359, owned by ENVIROX, for the mark "ENVIROX," is now uncontestable pursuant to 15 U.S.C §1065 (Exhibit D).

52.    Continuously since at least as early as October 30, 2002, ENVIROX has used its mark ENVIROX in connection with and to identify its cleaning compositions, dispensers, and educational services and to distinguish said products and services from similar products and services offered by other companies, by, and without limitation, prominently displaying ENVIROX on its products and advertising and promotional materials distributed throughout the United States. ENVIROX's products sold under the ENVIROX mark and brand name are provided nationwide, including in the State of Illinois.

53.    ENVIROX's ENVIROX trademark is a famous trademark that is widely recognized by the trade and the public and that has built up extensive goodwill.

54.    In addition, as of the date of the filing of this complaint, ENVIROX is actively engaged in expanding its use of the ENVIROX mark in connection with its products and services in interstate commerce throughout the United States, including in the State of Illinois.

55.    WAYNE CONCEPT has directly infringed, actively induced others to infringe, and/or contributorily infringed ENVIROX's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and

advertising of non-EPA registered cleaning compositions which bear the mark WAYNE CONCEPT MANUFACTURING CO., INC., which are advertised as products that are the same and/or can be indiscriminately substituted for ENVIROX's EPA-registered products and/or which are adapted for use in ENVIROX's proprietary dispenser. (Exhibits B, E, and H).

56.     WAYNE CONCEPT's unfairly competitive conduct results in an extremely confusing commercial impression, wherein a non-EPA registered product of WAYNE CONCEPT appears to be both an EPA registered product and also affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX – both of which are completely untrue. (Exhibits B, F, G, and H).

57.     WAYNE CONCEPT's use of ENVIROX in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and said use is likely to cause confusion, to cause mistake and/or to deceive.

58.     WAYNE CONCEPT's use of ENVIROX in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and either expressly or impliedly indicates that WAYNE CONCEPT's cleaning composition is affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX.

59.     WAYNE CONCEPT's use of ENVIROX in connection with dispensing cleaning compositions has been made notwithstanding ENVIROX's well known and prior established rights in the trademark ENVIROX and with both actual and constructive notice of ENVIROX's federal registration rights under 15 U.S.C. §1072.

60.     WAYNE CONCEPT's infringing activities have caused and, unless

enjoined by this Court, will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill in its federally registered ENVIROX trademark. ENVIROX has no adequate remedy at law.

61.     WAYNE CONCEPT has knowingly and willfully infringed upon ENVIROX's trademark rights.

## COUNT IV – TRADEMARK INFRINGEMENT OF U.S.
## REGISTRATION NO. 3,217,359 BY GREENWOOD

62.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-61 of this Complaint as if fully set forth herein.

63.     ENVIROX, L.L.C. is the owner of United States Trademark Registration No. 3,217,359, registered March 13, 2007, for "ENVIROX" for use in association with all purpose cleaning preparations, stain removers, general purpose cleaners for removing petroleum based stains in Class 003, and for educational services, namely, providing instruction to people in the application and use of environmentally friendly cleaning agents in Class 41. This registration is now valid, subsisting, uncancelled and unrevoked. (Exhibit C).

64.     United States Trademark Registration No. 3,217,359, owned by ENVIROX, for the mark "ENVIROX," is now uncontestable pursuant to 15 U.S.C §1065 (Exhibit D).

65.     Continuously since at least as early as October 30, 2002, ENVIROX has used its mark ENVIROX in connection with and to identify its cleaning compositions, dispensers, and educational services and to distinguish said products and services from similar products and services offered by other companies, by, and without limitation,

prominently displaying ENVIROX on its products and advertising and promotional materials distributed throughout the United States. ENVIROX's products sold under the ENVIROX mark and brand name are provided nationwide, including in the State of Illinois.

66.     ENVIROX's ENVIROX trademark is a famous trademark that is widely recognized by the trade and the public and that has built up extensive goodwill.

67.     In addition, as of the date of the filing of this complaint, ENVIROX is actively engaged in expanding its use of the ENVIROX mark in connection with its products and services in interstate commerce throughout the United States, including in the State of Illinois.

68.     GREENWOOD has directly infringed, actively induced others to infringe, and/or contributorily infringed ENVIROX's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of non-EPA registered cleaning compositions which bear the mark WAYNE CONCEPT MANUFACTURING CO., INC., which are advertised as products that are the same and/or can be indiscriminately substituted for ENVIROX's EPA-registered products and/or which are adapted for use in ENVIROX's proprietary dispenser. (Exhibits B and H).

69.     GREENWOOD's unfairly competitive conduct results in an extremely confusing commercial impression, wherein a non-EPA registered product of WAYNE CONCEPT's appears to be both an EPA registered product and also affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX – both of which are completely untrue. (Exhibits B, F, G, H, and I).

70.     GREENWOOD's use of ENVIROX in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and said use is likely to cause confusion, to cause mistake and/or to deceive.

71.     GREENWOOD's use of ENVIROX in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and either expressly or impliedly indicates that WAYNE CONCEPT's cleaning composition is affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX.

72.     GREENWOOD's use of ENVIROX in connection with dispensing cleaning compositions has been made notwithstanding ENVIROX's well known and prior established rights in the trademark ENVIROX and with both actual and constructive notice of ENVIROX's federal registration rights under 15 U.S.C. §1072.

73.     GREENWOOD's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill in its federally registered ENVIROX trademark. ENVIROX has no adequate remedy at law.

74.     GREENWOOD has knowingly and willfully infringed upon ENVIROX's trademark rights.

### COUNT V – TRADEMARK INFRINGEMENT OF U.S.
### REGISTRATION NO. 3,605,845 BY WAYNE CONCEPT

75.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-74 of this Complaint as if fully set forth herein.

76.     ENVIROX, L.L.C. is the owner of United States Trademark Registration

No. 3,605,845, registered April 14, 2009, for "ENVIROX and Design" for use in association with all purpose cleaning preparations in Class 003, and for educational services, namely, providing instruction to people in the application and use of environmentally friendly cleaning agents in Class 41. This registration is now valid, subsisting, uncancelled and unrevoked. (Exhibit J).

77.     Continuously since at least as early as September 1, 2008, ENVIROX has used its mark ENVIROX in connection with and to identify its cleaning compositions, dispensers, and educational services and to distinguish said products and services from similar products and services offered by other companies, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials distributed throughout the United States. ENVIROX's products sold under the ENVIROX mark and brand name are provided nationwide, including in the State of Illinois.

78.     ENVIROX's ENVIROX trademark is a famous trademark that is widely recognized by the trade and the public and that has built up extensive goodwill.

79.     In addition, as of the date of the filing of this complaint, ENVIROX is actively engaged in expanding its use of the ENVIROX mark in connection with its products and services in interstate commerce throughout the United States, including in the State of Illinois.

80.     WAYNE CONCEPT has directly infringed, actively induced others to infringe, and/or contributorily infringed ENVIROX's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of non-EPA registered cleaning compositions which bear the mark WAYNE

CONCEPT MANUFACTURING CO., INC., which are advertised as products that are the same and/or can be indiscriminately substituted for ENVIROX's EPA-registered products and/or which are adapted for use in ENVIROX's proprietary dispenser. (Exhibits B, E, and H).

81.     WAYNE CONCEPT's unfairly competitive conduct results in an extremely confusing commercial impression, wherein a non-EPA registered product of WAYNE CONCEPT appears to be both an EPA registered product and also affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX – both of which are completely untrue. (Exhibits B, F, K, and L).

82.     WAYNE CONCEPT's use of the ENVIROX mark in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and said use is likely to cause confusion, to cause mistake and/or to deceive.

83.     WAYNE CONCEPT's use of the ENVIROX mark in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and either expressly or impliedly indicates that WAYNE CONCEPT's cleaning composition is affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX.

84.     WAYNE CONCEPT's use of the ENVIROX mark in connection with dispensing cleaning compositions has been made notwithstanding ENVIROX's well known and prior established rights in the trademark ENVIROX and with both actual and constructive notice of ENVIROX's federal registration rights under 15 U.S.C. §1072.

85.     WAYNE CONCEPT's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to

ENVIROX's business, reputation and goodwill in its federally registered ENVIROX trademark. ENVIROX has no adequate remedy at law.

86.     WAYNE CONCEPT has knowingly and willfully infringed upon ENVIROX's trademark rights.

**COUNT VI – TRADEMARK INFRINGEMENT OF U.S.**

**REGISTRATION NO. 3,605,845 BY GREENWOOD**

87.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-86 of this Complaint as if fully set forth herein.

88.     ENVIROX, L.L.C. is the owner of United States Trademark Registration No. 3,605,845, registered April 14, 2009, for "ENVIROX and Design" for use in association with all purpose cleaning preparations in Class 003, and for educational services, namely, providing instruction to people in the application and use of environmentally friendly cleaning agents in Class 41. This registration is now valid, subsisting, uncancelled and unrevoked. (Exhibit J).

89.     Continuously since at least as early as September 1, 2008, ENVIROX has used its mark ENVIROX and Design in connection with and to identify its cleaning compositions, dispensers, and educational services and to distinguish said products and services from similar products and services offered by other companies, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials distributed throughout the United States. ENVIROX's products sold under the ENVIROX mark and brand name are provided nationwide, including in the State of Illinois.

90.     ENVIROX's ENVIROX trademark is a famous trademark that is widely

recognized by the trade and the public and that has built up extensive goodwill.

91.     In addition, as of the date of the filing of this complaint, ENVIROX is actively engaged in expanding its use of the ENVIROX mark in connection with its products and services in interstate commerce throughout the United States, including in the State of Illinois.

92.     GREENWOOD has directly infringed, actively induced others to infringe, and/or contributorily infringed ENVIROX's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of non-EPA registered cleaning compositions which bear the mark WAYNE CONCEPT MANUFACTURING CO., INC., which are advertised as products that are the same and/or can be indiscriminately substituted for ENVIROX's EPA-registered products and/or which are adapted for use in ENVIROX's proprietary dispenser. (Exhibits B and H).

93.     GREENWOOD's unfairly competitive conduct results in an extremely confusing commercial impression, wherein a non-EPA registered product of WAYNE CONCEPT appears to be both an EPA registered product and also affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX – both of which are completely untrue. (Exhibits B, F, G, H, and I).

94.     GREENWOOD's use of ENVIROX in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and said use is likely to cause confusion, to cause mistake and/or to deceive.

95.     GREENWOOD's use of ENVIROX in connection with dispensing cleaning compositions is without permission or authority of ENVIROX and either

expressly or impliedly indicates that WAYNE CONCEPT's cleaning composition is affiliated with, connected to, associated with, sponsored by, and/or approved by ENVIROX.

96.     GREENWOOD's use of ENVIROX in connection with dispensing cleaning compositions has been made notwithstanding ENVIROX's well known and prior established rights in the trademark ENVIROX and with both actual and constructive notice of ENVIROX's federal registration rights under 15 U.S.C. §1072.

97.     GREENWOOD's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill in its federally registered ENVIROX trademark. ENVIROX has no adequate remedy at law.

98.     GREENWOOD has knowingly and willfully infringed upon ENVIROX's trademark rights.

## COUNT VII - FALSE ADVERTISING BY WAYNE CONCEPT BASED UPON SUBSTITUTION WITH EPA REGISTERED PRODUCT $H_2ORANGE_2$ CONCENTRATE 117

99.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-98 of this Complaint as if fully set forth herein.

100.    ENVIROX's $H_2Orange_2$ Concentrate 117 is registered with the United States Environmental Protection Agency (EPA). (Exhibit K).

101.    On September 10, 1998 the EPA assigned Registration No. 69268-2 to ENVIROX's $H_2Orange_2$ Concentrate 117. (Exhibit K).

102.    The EPA assigned registration No. 69268-2 to ENVIROX's $H_2Orange_2$

Concentrate 117 only after it was proven to the satisfactory of the EPA to be used effectively for specific conditions of use without posing unreasonable risks to human health and the environment. (Exhibit K).

103.   These conditions include an oxidizing multi-purpose cleaner, degreaser & sanitizer *(non-food contact surface)*, virucide & deodorizer for hard, non-porous surfaces, carpet extraction for cleaning, deodorizing, and killing odor causing bacteria. (Exhibit K).

104.   Upon information and belief WAYNE CONCEPT, in commercial advertisements and solicitations, falsely represents both in writing and verbally to others, including ENVIROX's customers, that WAYNE CONCEPT's non-EPA registered Orange-Ox is the same as and/or may be indiscriminately substituted for ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117. (Exhibit B).

105.   Upon information and belief WAYNE CONCEPT's non-EPA registered Orange-Ox does not comprise the same cleaning composition as ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117.

106.   If WAYNE CONCEPT's non-EPA registered Orange-Ox did comprise the same formulation as ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117, then it would infringe one or more claims of the '399 patent, owned by ENVIROX, as set forth in patent infringement counts I and III herein.

107.   WAYNE CONCEPT's non-EPA registered Orange-Ox comprises a formulation that is substantially more acidic than ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117.

108.   WAYNE CONCEPT's statements identified herein either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

109.    WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it offers to sell non-EPA registered Orange-Ox as a product that is the same as and/or that may be indiscriminately substituted with ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117 at substantially lower prices than ENVIROX in interstate commerce.

110.    WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

111.    WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT VIII - FALSE ADVERTISING BY GREENWOOD BASED UPON SUBSTITUTION WITH EPA REGISTERED PRODUCT $H_2ORANGE_2$ CONCENTRATE 117

112.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-111 of this Complaint as if fully set forth herein.

113.    ENVIROX's $H_2Orange_2$ Concentrate 117 is registered with the United States Environmental Protection Agency (EPA). (Exhibit K).

114.    On September 10, 1998 the EPA assigned Registration No. 69268-2 to ENVIROX's $H_2Orange_2$ Concentrate 117. (Exhibit K).

115.    The EPA assigned registration No. 69268-2 to ENVIROX's $H_2Orange_2$ Concentrate 117 only after it was proven to the satisfactory of the EPA to be used

effectively for specific conditions of use without posing unreasonable risks to human health and the environment. (Exhibit K).

116.    These conditions include an oxidizing multi-purpose cleaner, degreaser & sanitizer *(non-food contact surface)*, virucide & deodorizer for hard, non-porous surfaces, carpet extraction for cleaning, deodorizing, and killing odor causing bacteria. (Exhibit K).

117.    GREENWOOD, in commercial advertisements and solicitations, falsely represents both in writing and verbally to others, including ENVIROX's agents and customers, that WAYNE CONCEPT's non-EPA registered Orange-Ox is the same as and/or may be indiscriminately substituted for ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117. (Exhibit B).

118.    Upon information and belief WAYNE CONCEPT's non-EPA registered Orange-Ox does not comprise the same cleaning composition as ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117.

119.    If WAYNE CONCEPT's non-EPA registered Orange-Ox did comprise the same formulation as ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117, then GREENWOOD's offers to sell and sales would infringe one or more claims of the '399 patent, owned by ENVIROX, as set forth in patent infringement counts II and IV herein.

120.    WAYNE CONCEPT's non-EPA registered Orange-Ox comprises a formulation that is substantially more acidic than ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117.

121.    GREENWOOD's statements identified herein either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

122.    GREENWOOD's deception is material because it is likely to influence the

consumer's purchasing decision – especially when it offers to sell non-EPA registered Orange-Ox as a product that is the same as and/or that may be indiscriminately substituted with ENVIROX's EPA registered $H_2Orange_2$ Concentrate 117 at substantially lower prices than ENVIROX in interstate commerce.

123.    GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

124.    GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

**COUNT IX - FALSE ADVERTISING BY WAYNE CONCEPT BASED UPON SUBSTITUTION WITH EPA REGISTERED PRODUCT CONCENTRATE 118**

125.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-124 of this Complaint as if fully set forth herein.

126.    ENVIROX's Concentrate 118 is registered with the United States Environmental Protection Agency (EPA). (Exhibit K).

127.    On September 10, 1998 the EPA assigned Registration No. 69268-2 to ENVIROX's Concentrate 118. (Exhibit K).

128.    The EPA assigned registration No. 69268-2 to ENVIROX's Concentrate 118 only after it was proven to the satisfactory of the EPA to be used effectively for specific conditions of use without posing unreasonable risks to human health and the environment. (Exhibit K).

129.    These conditions include an oxidizing multi-purpose cleaner, degreaser &

sanitizer *(non-food contact surface)*, virucide & deodorizer for hard, non-porous surfaces, carpet extraction for cleaning, deodorizing, and killing odor causing bacteria. (Exhibit K).

130.   Upon information and belief WAYNE CONCEPT, in commercial advertisements and solicitations, falsely represents both in writing and verbally to others, including ENVIROX's customers, that WAYNE CONCEPT's non-EPA registered Peroxi-Det is the same as and/or may be indiscriminately substituted for ENVIROX's EPA registered Concentrate 118. (Exhibit B).

131.   Upon information and belief WAYNE CONCEPT's non-EPA registered Peroxi-Det does not comprise the same cleaning composition as ENVIROX's EPA registered Concentrate 118.

132.   WAYNE CONCEPT's non-EPA registered Peroxi-Det comprises a formulation that is substantially more acidic than ENVIROX's EPA registered Concentrate 118.

133.   WAYNE CONCEPT's statements identified herein either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

134.   WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it offers to sell non-EPA registered Peroxi-Det as a product that is the same as and/or that may be indiscriminately substituted with ENVIROX's EPA registered Concentrate 118 at substantially lower prices that ENVIROX in interstate commerce.

135.   WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

136.   WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT X - FALSE ADVERTISING BY GREENWOOD BASED UPON SUBSTITUTION WITH EPA REGISTERED PRODUCT CONCENTRATE 118

137.   PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-136 of this Complaint as if fully set forth herein.

138.   ENVIROX's Concentrate 118 is registered with the United States Environmental Protection Agency (EPA). (Exhibit K).

139.   On September 10, 1998 the EPA assigned Registration No. 69268-2 to ENVIROX's Concentrate 118. (Exhibit K).

140.   The EPA assigned registration No. 69268-2 to ENVIROX's Concentrate 118 only after it was proven to the satisfactory of the EPA to be used effectively for specific conditions of use without posing unreasonable risks to human health and the environment. (Exhibit K).

141.   These conditions include an oxidizing multi-purpose cleaner, degreaser & sanitizer *(non-food contact surface)*, virucide & deodorizer for hard, non-porous surfaces, carpet extraction for cleaning, deodorizing, and killing odor causing bacteria. (Exhibit K).

142.   GREENWOOD, in commercial advertisements and solicitations, falsely represents both in writing and verbally to others, including ENVIROX's customers, that WAYNE CONCEPT's non-EPA registered Peroxi-Det is the same as and/or may be indiscriminately substituted for ENVIROX's EPA registered Concentrate 118. (Exhibit

B).

143.    Upon information and belief WAYNE CONCEPT's non-EPA registered Peroxi-Det does not comprise the same cleaning composition as ENVIROX's EPA registered Concentrate 118.

144.    WAYNE CONCEPT's non-EPA registered Peroxi-Det comprises a formulation that is substantially more acidic than ENVIROX's EPA registered Concentrate 118.

145.    GREENWOOD's statements identified herein either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

146.    GREENWOOD's deception is material because it is likely to influence the consumer's purchasing decision – especially when it offers to sell non-EPA registered Peroxi-Det as a product that is the same as and/or that may be indiscriminately substituted with ENVIROX's EPA registered Concentrate 118 at substantially lower prices that ENVIROX in interstate commerce.

147.    GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

148.    GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

### COUNT XI - FALSE ADVERTISING BY WAYNE
### CONCEPT BASED UPON ORANGE-OX (NEUTRAL PH)

149.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs

1-148 of this Complaint as if fully set forth herein.

150.    WAYNE CONCEPT commercially advertises Orange-Ox, a multi-surface cleaner-degreaser, as having a "Neutral pH." (Exhibit L).

151.    WAYNE CONCEPT commercially advertises Orange-Ox as having a Neutral pH because it wants to evoke the imagery of a product that is environmentally friendly and that is safe to use on a broad range of surfaces, including marble and granite.

152.    In fact, WAYNE CONCEPT commercially advertises that Orange-Ox's "Neutral pH is ideal for cleaning marble, granite, and other pH sensitive surfaces." (Exhibit L).

153.    Upon information and belief WAYNE CONCEPT's Orange-Ox does not comprise a neutral pH.

154.    Upon information and belief WAYNE CONCEPT's Orange-Ox comprises an undiluted (*i.e.*, concentrated or neat) pH that is approximately 50,000 times more acidic than a neutral pH.

155.    Upon information and belief WAYNE CONCEPT's Orange-Ox comprises a pH that is approximately 500 times more acidic than a neutral pH when diluted 12:1 with water (*i.e.*, heavy duty).

156.    Upon information and belief WAYNE CONCEPT's Orange-Ox comprises a pH that is approximately 1.5 times more acidic than a neutral pH when diluted 128:1 with water (*i.e.*, light duty).

157.    WAYNE CONCEPT's advertisements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

158.    WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Orange-Ox is environmentally friendly based upon its pH.

159.    WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

160.    WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT XII - FALSE ADVERTISING BY GREENWOOD
## BASED UPON ORANGE-OX (NEUTRAL PH)

161.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-160 of this Complaint as if fully set forth herein.

162.    GREENWOOD commercially advertises and sells Orange-Ox, a multi-surface cleaner-degreaser, as having a "Neutral pH." (Exhibit M).

163.    GREENWOOD commercially advertises Orange-Ox as having a Neutral pH because it wants to evoke the imagery of a product that is environmentally friendly and that is safe to use on a broad range of surfaces, including marble and granite.

164.    In fact, GREENWOOD commercially advertises that Orange-Ox's "Neutral pH is ideal for cleaning marble, granite, and other pH sensitive surfaces." (Exhibit M).

165.    Upon information and belief Orange-Ox, advertised and sold by

GREENWOOD, does not comprise a neutral pH.

166.   Upon information and belief Orange-Ox, advertised and sold by GREENWOOD, comprises an undiluted (*i.e.*, concentrated or neat) pH that is approximately 50,000 times more acidic than a neutral pH.

167.   Upon information and belief Orange-Ox, advertised and sold by GREENWOOD, comprises a pH that is approximately 500 times more acidic than a neutral pH when diluted 12:1 with water (*i.e.*, heavy duty).

168.   Upon information and belief Orange-Ox, advertised and sold by GREENWOOD, comprises a pH that is approximately 1.5 times more acidic than a neutral pH when diluted 128:1 with water (*i.e.*, light duty).

169.   GREENWOOD's advertisements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

170.   GREENWOOD's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Orange-Ox is environmentally friendly based upon its pH.

171.   GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

172.   GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT XIII - FALSE ADVERTISING BY WAYNE

## CONCEPT BASED UPON PEROXI-DET (NEUTRAL PH)

173.   PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-172 of this Complaint as if fully set forth herein.

174.   WAYNE CONCEPT commercially advertises Peroxi-Det, an oxygenated all-purpose cleaner, odor neutralizer, and stain remover, as having a "Neutral pH." (Exhibit N).

175.   WAYNE CONCEPT commercially advertises Peroxi-Det as having a Neutral pH because it wants to evoke the imagery of a product that is environmentally friendly and that is safe to use on a broad range of surfaces, including marble and granite.

176.   In fact, WAYNE CONCEPT commercially advertises that Peroxi-Det's "Neutral pH is ideal for cleaning marble, granite, and other pH sensitive surfaces." (Exhibit N).

177.   Upon information and belief WAYNE CONCEPT's Peroxi-Det does not comprise a neutral pH.

178.   Upon information and belief WAYNE CONCEPT's Peroxi-Det comprises an undiluted (*i.e.*, concentrated or neat) pH that is approximately 125,000 times more acidic than a neutral pH.

179.   Upon information and belief WAYNE CONCEPT's Peroxi-Det comprises a pH that is approximately 15,000 times more acidic than a neutral pH when diluted 12:1 with water (*i.e.*, heavy duty).

180.   Upon information and belief WAYNE CONCEPT's Peroxi-Det comprises a pH that is approximately 20 times more acidic than a neutral pH when diluted 128:1

with water (*i.e.*, light duty).

181.     WAYNE CONCEPT's advertisements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

182.     WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Peroxi-Det is environmentally friendly based upon its pH.

183.     WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

184.     WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

### COUNT XIV - FALSE ADVERTISING BY GREENWOOD
### BASED UPON PEROXI-DET (NEUTRAL PH)

185.     PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-184 of this Complaint as if fully set forth herein.

186.     GREENWOOD commercially advertises and sells Peroxi-Det, an oxygenated all-purpose cleaner, odor neutralizer, and stain remover, as having a "Neutral pH." (Exhibit O).

187.     GREENWOOD commercially advertises Peroxi-Det as having a Neutral pH because it wants to evoke the imagery of a product that is environmentally friendly

and that is safe to use on a broad range of surfaces, including marble and granite.

188.   In fact, GREENWOOD commercially advertises that Peroxi-Det's "Neutral pH is ideal for cleaning marble, granite, and other pH sensitive surfaces." (Exhibit O).

189.   Upon information and belief Peroxi-Det, advertised and sold by GREENWOOD, does not comprise a neutral pH.

190.   Upon information and belief Peroxi-Det, advertised and sold by GREENWOOD, comprises an undiluted (*i.e.*, concentrated or neat) pH that is approximately 125,000 times more acidic than a neutral pH.

191.   Upon information and belief Peroxi-Det, advertised and sold by GREENWOOD, comprises a pH that is approximately 15,000 times more acidic than a neutral pH when diluted 12:1 with water (*i.e.*, heavy duty).

192.   Upon information and belief Peroxi-Det, advertised and sold by GREENWOOD, comprises a pH that is approximately 20 times more acidic than a neutral pH when diluted 128:1 with water (*i.e.*, light duty).

193.   GREENWOOD's advertisements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

194.   GREENWOOD's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Peroxi-Det is environmentally friendly based upon its pH.

195.   GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive

customers.

196.    GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT XV - FALSE ADVERTISING BY WAYNE
## CONCEPT BASED UPON ORANGE-OX (NO SOLVENTS)

197.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-196 of this Complaint as if fully set forth herein.

198.    WAYNE CONCEPT commercially advertises Orange-Ox, a multi-surface cleaner-degreaser, as having "No Solvents." (Exhibit L).

199.    WAYNE CONCEPT commercially advertises Orange-Ox as having "No Solvents" because it wants to evoke the imagery of a product that is concentrated, and, in turn, economical and environmentally friendly.

200.    Upon information and belief WAYNE CONCEPT's Orange-Ox not only contains a solvent, it contains greater than 90% by weight solvents.

201.    WAYNE CONCEPT's statements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

202.    WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Orange-Ox is environmentally friendly based on being a concentrated, low waste product.

203.    WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and

to deceive customers.

204.    WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

### COUNT XVI - FALSE ADVERTISING BY GREENWOOD

### BASED UPON ORANGE-OX (NO SOLVENTS)

205.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-204 of this Complaint as if fully set forth herein.

206.    GREENWOOD commercially advertises and sells Orange-Ox, a multi-surface cleaner-degreaser, as having "No Solvents." (Exhibit M).

207.    GREENWOOD commercially advertises Orange-Ox as having "No Solvents" because it wants to evoke the imagery of a product that is concentrated, and, in turn, economical and environmentally friendly.

208.    Upon information and belief Orange-Ox, advertised and sold by GREENWOOD, not only contains a solvent, it contains greater than 90% by weight solvents.

209.    GREENWOOD's statements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

210.    GREENWOOD's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Orange-Ox is environmentally friendly based on being a concentrated, low waste product.

211.    GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

212.    GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

### COUNT XVII - FALSE ADVERTISING BY WAYNE

### CONCEPT BASED UPON PEROXI-DET (NO SOLVENTS)

213.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-212 of this Complaint as if fully set forth herein.

214.    WAYNE CONCEPT commercially advertises Peroxi-Det, an oxygenated all-purpose cleaner, odor neutralizer, and stain remover, as having "No Solvents." (Exhibit N).

215.    WAYNE CONCEPT commercially advertises Peroxi-Det as having "No Solvents" because it wants to evoke the imagery of a product that is concentrated, and, in turn, economical and environmentally friendly because it reduces waste.

216.    Upon information and belief WAYNE CONCEPT's Peroxi-Det not only contains a solvent, it contains greater than 90% by weight solvents.

217.    WAYNE CONCEPT's statements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

218.    WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Orange-Ox

is environmentally friendly based on being a concentrated, low waste product.

219.    WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

220.    WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT XVIII - FALSE ADVERTISING BY GREENWOOD

## BASED UPON PEROXI-DET (NO SOLVENTS)

221.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-220 of this Complaint as if fully set forth herein.

222.    GREENWOOD commercially advertises Peroxi-Det, an oxygenated all-purpose cleaner, odor neutralizer, and stain remover, as having "No Solvents." (Exhibit O).

223.    GREENWOOD commercially advertises Peroxi-Det as having "No Solvents" because it wants to evoke the imagery of a product that is concentrated, and, in turn, economical and environmentally friendly.

224.    Upon information and belief Peroxi-Det, advertised and sold by GREENWOOD, not only contains a solvent, it contains greater than 90% by weight solvents.

225.    GREENWOOD's statements identified herein are false and either deceived or had the capacity to deceive a substantial segment of potential customers and/or

customers.

226.    GREENWOOD's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Orange-Ox is environmentally friendly based on being a concentrated, low waste product.

227.    GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

228.    GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT XIX - FALSE ADVERTISING BY WAYNE CONCEPT

## BASED UPON PEROXI-DET (ATP COMPARISON)

229.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-228 of this Complaint as if fully set forth herein.

230.    WAYNE CONCEPT commercially advertises Peroxi-Det, an oxygenated all-purpose cleaner, odor neutralizer, and stain remover, as being "99.36% effective." (Exhibit N).

231.    WAYNE CONCEPT commercially advertises the 118 competitor (*i.e.*, ENVIROX's Concentrate 118) as being "95.52% effective." (Exhibit N)

232.    WAYNE CONCEPT's sell sheet commercially advertises, in a side-by-side comparison, Peroxi-Det as being more effective than the 118 competitor (*i.e.*, ENVIROX's Concentrate 118) because it wants to evoke the imagery of having a product that outperforms the competition, including ENVIROX.

233.    Upon information and belief, WAYNE CONCEPT's testing protocols, procedures, and results are scientifically flawed, for among, other reasons, an insufficient sample size of one (*i.e.*, n=1), inconsistent swabbing during testing, non-precise metering of product volume during testing, and utilizing test data with relative light units (RLU) less than 1,000 because RLU data is well known to be scientifically unreliable at less the 1,000 RLU (see www.cleanwithperoxide.com; Exhibits N and P).

234.    WAYNE CONCEPT's statements identified herein are false and/or misleading, and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

235.    WAYNE CONCEPT's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Peroxi-Det is more effective than its competitors.

236.    WAYNE CONCEPT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

237.    WAYNE CONCEPT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

**COUNT XX - FALSE ADVERTISING BY GREENWOOD**

**BASED UPON PEROXI-DET (ATP COMPARISON)**

238.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-237 of this Complaint as if fully set forth herein.

40

239.    GREENWOOD commercially advertises Peroxi-Det, an oxygenated all-purpose cleaner, odor neutralizer, and stain remover, as being "99.36% effective." (Exhibit O)

240.    GREENWOOD commercially advertises the 118 competitor (*i.e.*, ENVIROX's Concentrate 118) as being "95.52% effective." (Exhibit O)

241.    GREENWOOD's sell sheet commercially advertises, in a side-by-side comparison, Peroxi-Det as being more effective than the 118 competitor (*i.e.*, ENVIROX's Concentrate 118) because it wants to evoke the imagery of having a product that outperforms the competition, including ENVIROX.

242.    Upon information and belief, GREENWOOD's testing protocols, procedures, and results are scientifically flawed, for among, other reasons, an insufficient sample size of one (*i.e.*, n=1), inconsistent swabbing during testing, non-precise metering of product volume during testing, and utilizing test data with relative light units (RLU) less than 1,000 because the data is well known to be scientifically highly unreliable at less the 1,000 RLU (see www.cleanwithperoxide.com; Exhibits O and P).

243.    GREENWOOD's statements identified herein are false and/or misleading, and either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

244.    GREENWOOD's deception is material because it is likely to influence the consumer's purchasing decision – especially when it represents Peroxi-Det is more effective than its competitors.

245.    GREENWOOD's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive

customers.

246.    GREENWOOD's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill. ENVIROX has no adequate remedy at law.

## COUNT XXI – COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT BY WAYNE CONCEPT

247.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-246 of this Complaint as if fully set forth herein.

248.    WAYNE CONCEPT's activities as stated herein constitute unfair competition and an infringement of ENVIROX's common law trademark rights in the name ENVIROX within the State of Illinois and in violation of Illinois law.

249.    Upon information and belief, WAYNE CONCEPT's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill in its ENVIROX mark. ENVIROX has no adequate remedy at law.

## COUNT XXII – COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT BY GREENWOOD

250.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-249 of this Complaint as if fully set forth herein.

251.    GREENWOOD's activities as stated herein constitute unfair competition and an infringement of ENVIROX's common law trademark rights in the name ENVIROX within the State of Illinois and in violation of Illinois law.

252.    Upon information and belief, GREENWOOD's wrongful and infringing

activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to ENVIROX's business, reputation and goodwill in its ENVIROX mark. ENVIROX has no adequate remedy at law.

## COUNT XXIII – ILLINOIS' UNIFORM DECEPTIVE TRADE
## PRACTICES ACT VIOLATION BY WAYNE CONCEPT

253.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-252 of this Complaint as if fully set forth herein.

254.    WAYNE CONCEPT's activities as stated herein constitute deceptive trade practice in violation of Illinois' Uniform Deceptive Trade Practices Act. (815 ILCS 510, *et seq*.).

255.    Upon information and belief WAYNE CONCEPT's non-EPA knockoff products misrepresent a characteristic, ingredient, use, benefit, and/or quantity that they do not have.

256.    Upon information and belief, WAYNE CONCEPT's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its ENVIROX mark. ENVIROX has no adequate remedy at law.

## COUNT XXIV – ILLINOIS' UNIFORM DECEPTIVE TRADE
## PRACTICES ACT VIOLATION BY GREENWOOD

257.    PLAINTIFF repeats and realleges the allegations contained in Paragraphs 1-256 of this Complaint as if fully set forth herein.

258.    GREENWOOD's activities as stated herein constitute deceptive trade practice in violation of Illinois' Uniform Deceptive Trade Practices Act. (815 ILCS 510,

*et seq.*).

259.    Upon information and belief the non-EPA knockoff products, advertised and sold by GREENWOOD, misrepresent a characteristic, ingredient, use, benefit, and/or quantity that they do not have.

260.    Upon information and belief, GREENWOOD's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its ENVIROX mark. ENVIROX has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, ENVIROX, L.L.C., respectfully demands judgment against DEFENDANTS as follows:

A.      Declaring that DEFENDANTS have infringed the '399 patent;

B.      Declaring that the '399 patent is valid and enforceable;

C.      Pursuant to 35 U.S.C. §283, permanently enjoining and restraining DEFENDANTS and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '399 patent;

D.      Pursuant to 35 U.S.C. §284, awarding to ENVIROX damages, including lost profits, together with prejudgment interest, post judgment interest, and costs, adequate to compensate ENVIROX for DEFENDANTS' acts of infringement of the '399 patent;

E.      Declaring that DEFENDANTS' infringement have been willful and that this is an exceptional case pursuant to 35 U.S.C. §285 and awarding ENVIROX treble damages and reasonable attorneys' fees against DEFENDANTS for infringement of the '399 patent;

F.      That a permanent injunction issue restraining DEFENDANTS, their agents, servants, employees, successors and assigns and all others in concert and privity with them from using the name ENVIROX and/or ENVIROX and Design of U.S. Trademark Registration Nos. 3,217,359 and 3,605,845, from unfairly competing with PLAINTIFF, from engaging in unfair and deceptive trade practices and from injuring PLAINTIFF's business reputation, pursuant to Section 34 of the Lanham Act (15 U.S.C.

§1116);

G.    That DEFENDANTS be required to account to PLAINTIFF for DEFENDANTS' profits and the actual damages suffered by PLAINTIFF as a result of DEFENDANTS' acts of infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that PLAINTIFF recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

H.    That DEFENDANTS be ordered to surrender for destruction all packages, tubes, containers, nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing ENVIROX trademarks, pursuant to Section 36 of the Lanham Act (15 U.S.C. §1118);

I.    That DEFENDANTS be compelled to pay PLAINTIFF's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

J.    Declaring that DEFENDANTS have infringed at least one of the trademarks of PLAINTIFF.

K.    Preliminarily and permanently restrain and enjoin the DEFENDANTS from further infringement of PLAINTIFF's trademarks.

L.    Order the DEFENDANTS to pay damages adequate to compensate PLAINTIFF for the acts of trademark infringement by DEFENDANTS and DEFENDANTS' profits from its sales of goods in violation of the law as described in this Complaint;

M.    Order DEFENDANTS to pay all applicable statutory damages including exceptional and/or treble damages;

N.      Order DEFENDANTS to pay PLAINTIFF's expenses, interest, and costs including reasonable attorney's fees;

O.      Order DEFENDANTS to pay PLAINTIFF for rehabilitative advertising and price point restoration;

P.      Order DEFENDANTS to pay PLAINTIFF for violation of Illinois' Uniform Deceptive Trade Practice Act; and

Q.      Awarding PLAINTIFF such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

PLAINTIFF respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

ENVIROX, L.L.C.,

Dated: March 20, 2015

/s/ William L. King III
By:     One of the Attorneys for Plaintiff

William L. King III
KING & PARTNERS, PLC
170 College Avenue, Suite 230
Holland, Michigan 49423
T: 616.355.0400